DUANE MORRIS LLP
Gregory P. Gulia
Vanessa C. Hew
1540 Broadway
New York, New York 10036-4086
Tel. No.: (212) 692-1000

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



---

AUDIOVOX COMMUNICATIONS  )
CORP.,  )
  )
  )
  )
    Plaintiff,  )
  )
  v.  )   Civil Action No. 10-cv-04982(AKH)
  )
TOSHIBA CORPORATION,  )   ECF CASE
PANTECH CO., LTD. and HIGH TECH  )
COMPUTER CORPORATION,  )
  )
  )
    Defendants.  )
  )

---

## AMENDED COMPLAINT

Plaintiff Audiovox Communications Corp. ("ACC"), by its undersigned counsel, Duane Morris LLP, for its complaint against defendants Toshiba Corporation acting through its Mobile Communications Company ("Toshiba"), Pantech Co., Ltd. ("Pantech"), and High Tech Computer Corporation ("HTC") (collectively the "Defendants"), alleges as follows:

### Nature of the Action

1. ACC was a reseller of cellular telephones supplied by each of the Defendants.

2. Honeywell International Inc. and Honeywell Intellectual Properties Inc. (collectively "Honeywell") alleged that ACC infringed United States Patent No. 5,280,371 (the

"Honeywell Patent") in a litigation captioned as Honeywell Int'l Inc., et al v. Nokia Corporation, et al. (Civil Action No. 04-1337-JJF), which is pending in the United States District Court for the District of Delaware (the "Honeywell Litigation"). Honeywell specifically alleged that ACC infringed the Honeywell Patent through the sale of cellular telephones supplied to ACC by defendants Pantech and Toshiba.

3. Zoltar Satellite Systems, Inc. ("Zoltar") alleged that ACC infringed United States Patent Nos. 5,963,130, 6,198,390, 6,518,889, and 5,650,770 (collectively the "Zoltar Patents") in a litigation captioned as Zoltar Satellite Systems, Inc., v. LG Electronics Mobile Communications Company et al. (Civil Action No. 2:05-CV-215-LED) in the United States District Court for the Eastern District of Texas, Marshall Division, which was transferred to the United States District Court for the Northern District of California and assigned Civil Action No. 5:06-CV-00044-JW (the "Zoltar Litigation"). Zoltar specifically alleged that ACC infringed the Zoltar Patents through the sale of cellular telephones supplied to ACC by defendants Pantech, Toshiba, and HTC.

4. St. Clair Intellectual Property Consultants Inc. ("St. Clair") alleged that ACC infringed United States Patent Nos. 5,138,459, 6,094,219, 6,233,010, and 6,323,899 (collectively the "St. Clair Patents") in a litigation captioned as St. Clair Intellectual Property Consultants Inc. v. Siemens AG et al. (Civil Action No. 06-403-JJF-LPS) which is pending in the United States District Court for the District of Delaware (the "St. Clair Litigation"). St Clair specifically alleged that ACC infringed the St. Clair Patents through the sale of cellular telephones supplied to ACC by defendants Pantech, Toshiba, and HTC.

5. Dicam, Inc. ("Dicam") alleged that ACC infringed United States Patent No. 4,884,132 (the "Dicam Patent") in a litigation captioned as Dicam, Inc. v. United States Cellular

Corporation et al. (Civil Action No. 1:07-cv-5670) in the United States District Court for the Northern District of Illinois, Eastern Division (the "Dicam Litigation"). Dicam specifically alleged that ACC infringed the Dicam Patent through the sale of cellular telephones supplied to ACC by defendants Pantech, Toshiba, and HTC.

6. This is an action by ACC against the Defendants under contracts of indemnification against claims of infringement of United States patents asserted against ACC in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation.

## The Parties

7. ACC is a corporation organized and existing under the laws of the State of Delaware having a place of business at 180 Marcus Boulevard in Hauppauge, New York 11788.

8. On information and belief, Toshiba is an alien corporation having a place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo, Japan.

9. On information and belief, Pantech is an alien corporation having a place of business at Pantech R&D Center, 1-2 DMC, Sangam-dong Mapo-gu, Seoul, Republic of Korea.

10. On information and belief, HTC is an alien corporation having a place of business at 23 Hua Road, Taoyuan, Taiwan, R.O.C.

## Jurisdiction and Venue

11. This action arises under the common law of New York and N.Y. U.C.C. Law § 2-312 (McKinney 2009).

12. This Court has jurisdiction of this action against the Defendants under 28 U.S.C. § 1332. The matter in controversy exceeds the sum and/or value of $75,000 exclusive of interest and costs.

13. Toshiba conducts business in New York and has introduced cellular telephones at issue in the Zoltar Litigation, St. Clair Litigation, and Dicam Litigation in the stream of commerce in the United States itself or by and through its Mobile Communications Company knowing that such products would be sold by ACC in New York.

14. Pantech conducts business in New York and has introduced cellular telephones at issue in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation in the stream of commerce in the United States itself or by and through one or more of its predecessors Hyundai Curitel, Inc. and/or Curitel Communications, Inc. knowing that such products would be sold by ACC in New York.

15. HTC conducts business in New York and has introduced cellular telephones at issue in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation in the stream of commerce in the United States knowing that such products would be sold by ACC in New York.

16. Venue is proper under 28 U.S.C. §§ 1391(a), (c) and (d).

## COUNT I – TOSHIBA'S BREACH OF DUTY TO INDEMNIFY, HOLD HARMLESS AND DEFEND

17. The allegations of paragraphs 1-16 are repeated herein.

18. Toshiba supplied to ACC the cellular telephones at issue ("Toshiba Accused Products") in the Zoltar Litigation, St. Clair Litigation, and Dicam Litigation. The supply of Toshiba Accused Products to ACC was pursuant to a certain "Distribution Agreement and Purchase Order." A true and correct copy of the applicable "Distribution Agreement and Purchase Order" between ACC and Toshiba is attached hereto as Exhibit A (the "Toshiba Agreement").

19.     At all relevant times, Toshiba is and has been obligated under the Toshiba Agreement to indemnify, defend and hold ACC harmless from and against all claims, losses, liability, damage, and expenses, including reasonable attorney's fees, caused by or arising out of any claim or action based on actual or alleged direct infringement by any Toshiba Accused Products, furnished to ACC, of any patent of any third party, including the claims asserted in the Zoltar Litigation, St. Clair Litigation, and Dicam Litigation.

20.     ACC complied with its obligations under the Toshiba Agreement and promptly notified Toshiba of the claims asserted against ACC in the Zoltar Litigation, St. Clair Litigation, and Dicam Litigation and of Toshiba's obligations under the Toshiba Agreement to indemnify, defend and hold ACC harmless against such claims.

21.     In the Zoltar Litigation, St. Clair Litigation, and Dicam Litigation, ACC has been subjected to claims, losses, liability, damage, and expenses, including reasonable attorney's fees, caused by or arising out of claims based on actual or alleged infringement by Toshiba Accused Products, furnished to ACC, of patents held by third parties.

22.     Toshiba failed to indemnify, defend, and hold ACC harmless against such claims, losses, liability, damage, and expenses and has, accordingly, breached its obligations under the Toshiba Agreement set forth in Paragraph 21 above arising out of the Zoltar Litigation, St. Clair Litigation and Dicam Litigation, and as a result, ACC has suffered damages.

## COUNT II – HTC'S BREACH OF DUTY TO
## INDEMNIFY, HOLD HARMLESS AND DEFEND

23. The allegations of paragraphs 1-22 are repeated herein.

24. HTC supplied to ACC cellular telephones at issue ("HTC Accused Products") in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation. The supply of HTC Accused Products to ACC was pursuant to a certain "Supplier Agreement and Purchase Order." A true and correct copy of the applicable "Supplier Agreement" between ACC and HTC is attached hereto as Exhibit B (the "HTC Agreement").

25. At all relevant times, HTC is and has been obligated under the HTC Agreement to indemnify, defend and hold ACC harmless from and against all claims, losses, liability, damage, and expenses, including reasonable attorney's fees, caused by or arising out of any action or proceeding against ACC claiming that any HTC Accused Products, furnished to ACC, infringe any third party's patents, including the claims asserted against ACC in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation.

26. ACC complied with its obligations under the HTC Agreement and promptly notified HTC of the claims asserted against ACC in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation and of HTC's obligations under the HTC Agreement to indemnify, defend and hold ACC harmless against such claims.

27. In the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation, ACC has been subjected to claims, losses, liability, damage, and expenses, including reasonable attorney's fees, caused by or arising out of claims that HTC Accused Products, furnished to ACC, infringe a third party's patents.

28. HTC failed to indemnify, defend, and hold ACC harmless against such claims, losses, liability, damage, and expenses and has, accordingly, breached its obligations under the

6

HTC Agreement set forth in Paragraph 27 above arising out of the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation, and as a result, ACC has suffered damages.

## COUNT III – PANTECH'S BREACH OF DUTY TO INDEMNIFY, HOLD HARMLESS AND DEFEND

29. The allegations of paragraphs 1-28 are repeated herein.

30. Pantech's predecessors supplied to ACC cellular telephones at issue ("Pantech Accused Products") in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation. The supply of Pantech Accused Products to ACC was pursuant to a certain "Agreement and Purchase Order." A true and correct copy of the applicable "Agreement" between ACC and a Pantech predecessor, Hyundai Curitel, Inc., is attached hereto as Exhibit C (the "Pantech Agreement").

31. At all relevant times, Pantech and its predecessors have been obligated under the Pantech Agreement to indemnify, defend and hold ACC harmless from and against all claims, losses, liability, damage, and expenses, including reasonable attorney's fees, caused by or arising out of any action or proceeding against ACC claiming that any Pantech Accused Products, furnished to ACC, infringe a third party's patents, including the claims asserted against ACC in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation.

32. ACC complied with its obligations under the Pantech Agreement and promptly notified Pantech's predecessors of the claims asserted against ACC in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation and of its obligations under the Pantech Agreement to indemnify, defend and hold ACC harmless against such claims.

33. In the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation, ACC has been subjected to claims, losses, liability, damage, and expenses, including

7

reasonable attorney's fees, caused by or arising out of claims that Pantech Accused Products, furnished to ACC, infringe a third party's patents.

34. Pantech and its predecessors failed to indemnify, defend, and hold ACC harmless against such claims, losses, liability, damage, and expenses and has, accordingly, breached its obligations under the Pantech Agreement set forth in Paragraph 33 above arising out of the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation, and as a result, ACC has suffered damages.

## COUNT IV – PANTECH'S BREACH OF WARRANTY AGAINST INFRINGEMENT

35. The allegations of paragraphs 1-34 are repeated herein.

36. Pantech's predecessors supplied to ACC Pantech Accused Products at issue in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation. The supply of such Pantech Accused Products to ACC was under a contract of sale within the meaning of N.Y. U.C.C. Law § 2-312(1).

37. Pantech's predecessors are merchants regularly dealing in goods of the kind alleged to have infringed the patents asserted in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation within the meaning of N.Y. U.C.C. Law § 2-312(2). As such, Pantech's predecessors warranted that such Pantech Accused Products supplied to ACC were free of the rightful claim of any third person or party by way of infringement within the meaning of N.Y. U.C.C. Law § 2-312(2), including the claims asserted in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation.

38. At all relevant times, Pantech and its predecessors are and have been obligated to indemnify, defend, and hold ACC harmless from and against all claims, losses, liability, damage, and expenses, including reasonable attorney's fees, caused by or arising out of Pantech Accused

Products which do not conform to their warranty that the Pantech Accused Products shall not infringe any third party's patents.

39. ACC promptly notified Pantech's predecessors of the claims asserted against ACC in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation in accordance with N.Y. U.C.C. Law §§ 2-607(3) and (5).

40. By delivering to ACC the Pantech Accused Products that were the subject of the infringement claims asserted in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation, Pantech's predecessors breached their warranty against infringement of third-party patents within the meaning of N.Y. U.C.C. Law § 2-312(2).

41. As a result of this breach of warranty, ACC has suffered damages and has been subjected to claims, losses, liability, damage, and expenses, including reasonable attorney's fees, in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation.

## **PRAYER FOR RELIEF**

**WHEREFORE**, ACC prays that the Court enter a judgment in favor of ACC and against each of the Defendants as to all of the Accused Products sold by each of the Defendants to ACC:

a) declaring that Pantech has breached its respective warranty against infringement;

b) declaring that each of Pantech, HTC and Toshiba is liable to ACC to indemnify and save ACC harmless from and against the respective claims or demands asserted by the plaintiffs in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation and Dicam Litigation;

c) awarding to ACC its attorneys' fees and costs incurred in defending the claims that ACC has infringed the patents asserted by the plaintiffs in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation and Dicam Litigation;

d) awarding to ACC its attorneys' fees and costs incurred in this action;

e) awarding to ACC all sums paid by ACC to Honeywell, Zoltar, St. Clair and Dicam, including without limitation, any interest thereon; and

f) awarding ACC such other and further relief as this Court may deem proper.

Dated: May 20, 2011

Respectfully submitted,

DUANE MORRIS LLP


By:   /s/ Vanessa C. Hew

    Gregory P. Gulia
    Vanessa Hew
    1540 Broadway
    New York, New York 10036-4086
    Tel. No.: (212) 692-1000
    Fax No.: (212) 692-1020

**ATTORNEY FOR PLAINTIFF AUDIOVOX COMMUNICATIONS CORP.**