UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUDIOVOX COMMUNICATIONS CORP., | Case No. 1:10-cv-04982(AKH) |
| Plaintiff, | |
| v. | ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM OF PANTECH, CO., LTD. TO PLAINTIFF'S AMENDED COMPLAINT |
| TOSHIBA CORPORATION, et al., | JURY TRIAL DEMANDED |
| Defendants. | |

## DEFENDANT PANTECH CO., LTD.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO AUDIOVOX COMMUNICATIONS CORP.'S AMENDED COMPLAINT

Defendant Pantech Co., Ltd. ("Pantech"), by and through its undersigned counsel, respectfully submits its Answer, Affirmative Defenses, and Counterclaim in response to Plaintiff's Amended Complaint For Patent Infringement ("Complaint") as follows:

1.     Plaintiff alleges it was a reseller of cellular telephones supplied by Pantech.  This allegation is denied as to Pantech, which did not merge with Pantech & Curitel Communications, Inc. until late in 2009.  Pantech lacks knowledge or information sufficient to admit or deny the allegations of this paragraph as to the remaining defendants, and on that basis, denies the same.

2.     Plaintiff alleges that Honeywell specifically alleged that Plaintiff infringed the Honeywell Patent through the sale of cellular telephones supplied to Plaintiff by Pantech.  This allegation is denied as to Pantech, which did not merge with Pantech & Curitel Communications, Inc. until late in 2009. Pantech lacks knowledge or information sufficient to admit or deny whether Honeywell specifically alleged infringement through the sale of products supplied to Plaintiff by any other party or third party, and on that basis denies that Plaintiff's list of suppliers is complete.  Pantech also lacks knowledge or information sufficient to admit or deny the allegations of this paragraph as to the remaining defendants, and on that basis, denies the same.

3.      Plaintiff alleges that Zoltar specifically alleged that Plaintiff infringed the Zoltar Patents through the sale of cellular telephones supplied to Plaintiff by Pantech.  This allegation is denied as to Pantech, which did not merge with Pantech & Curitel Communications, Inc. until late in 2009.  Pantech lacks knowledge or information sufficient to admit or deny whether Zoltar specifically alleged infringement through the sale of products supplied to Plaintiff by any other party or third party, and on that basis denies that Plaintiff's list of suppliers is complete.  Pantech also lacks knowledge or information sufficient to admit or deny the allegations of this paragraph as to the remaining defendants, and on that basis, denies the same.

4.      Plaintiff alleges that St. Clair specifically alleged that Plaintiff infringed the St. Clair Patents through the sale of cellular telephones supplied to Plaintiff by Pantech.  This allegation is denied as to Pantech, which did not merge with Pantech & Curitel Communications, Inc. until late in 2009.   Pantech lacks knowledge or information sufficient to admit or deny whether St. Clair specifically alleged infringement through the sale of products supplied to Plaintiff by any other party or third party, and on that basis denies that Plaintiff's list of suppliers is complete.  Pantech also lacks knowledge or information sufficient to admit or deny the allegations of this paragraph as to the remaining defendants, and on that basis, denies the same.

5.      Plaintiff alleges that Dicam specifically alleged that Plaintiff infringed the Dicam Patent through the sale of cellular telephones supplied to Plaintiff by Pantech.  This allegation is denied as to Pantech, which did not merge with Pantech & Curitel Communications, Inc. until late in 2009. Admitted as to Pantech. Pantech lacks knowledge or information sufficient to admit or deny whether Dicam specifically alleged infringement through the sale of products supplied to Plaintiff by any other party or third party, and on that basis denies that Plaintiff's list of suppliers is complete.  Pantech also lacks knowledge or information sufficient to admit or deny the allegations of this paragraph as to the remaining defendants, and on that basis, denies the same

6.      As to Pantech, Pantech admits that Plaintiff purports to raise this action under contracts of indemnification against claims of infringement of United States patents asserted against ACC in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation and Dicam Litigation. Pantech denies that it has breached any duty or has any liability under Plaintiff's purported cause of action. Pantech also lacks knowledge or information sufficient to admit or deny the allegations of this paragraph as to the remaining defendants, and on that basis, denies the same.

7.      Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

8.      Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

9.      Admitted.

10.     Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

11.     The allegation that this action arises under common law of New York and N.Y.U.C.C. law § 2-312 (McKinney 2009) is a legal conclusion that does not require a response. Pantech admits that Plaintiff purports to file its Complaint pursuant to the common law of the New York and N.Y.U.C.C. law § 2-312 (McKinney 2009), but lacks knowledge or information sufficient to admit or deny the underlying facts behind Plaintiff's legal conclusion of applicable law, and on that basis, denies the same.  Pantech further denies that it has committed or is continuing any act which gives rise to a cause of action under the common law of the New York and N.Y.U.C.C. law § 2-312 (McKinney 2009).

12.     Pantech admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

13.     Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

14.     For the purposes of this action only, Pantech does not challenge the personal jurisdiction of this court over Pantech.

15.     Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

16.     The allegation that venue is proper in this district is a legal conclusion that does not require a response.  Although venue is more properly established in a judicial district that would better serve the convenience of the parties and witnesses and the interests of justice, the minimum requisites for venue under 28 U.S.C. § 1391 exist in this Judicial District.  Pantech reserves the right to seek to transfer this action pursuant to 28 U.S.C. § 1404(a).

## COUNT I

## TOSHIBA'S BREACH OF DUTY TO INDEMNIFY, HOLD HARMLESS AND DEFEND

17.     The responses of paragraphs 1-16 are repeated and hereby reasserted.

18.     Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

19.     Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

20.     Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

21.     Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

22.     Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

## COUNT II

## HTC'S BREACH OF DUTY TO INDEMNIFY, HOLD HARMLESS AND DEFEND

23.     The responses of paragraphs 1-22 are repeated and hereby reasserted.

24.     Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

25.     Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

26.     Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

27.     Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

28.     Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

## COUNT III

## PANTECH'S BREACH OF DUTY TO INDEMNIFY, HOLD HARMLESS AND DEFEND

29.     The responses of paragraphs 1-28 are repeated and hereby reasserted.

30.     Plaintiff's legal conclusion regarding the legal interpretation of the "Pantech Agreement" does not require a response.  Pantech admits that its predecessor supplied to ACC cellular telephones at issue in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation.  Pantech lacks knowledge or information sufficient to admit or deny facts underlying Plaintiff's assertion that the supply of Pantech Accused Products to ACC was pursuant to a certain "Agreement and Purchase Order" or that the applicable "Agreement" is that attached to Plaintiff's Complaint as Exhibit C, and on that basis denies the same.  Pantech admits that a copy of an "Agreement" between ACC and Hyundai Curitel, Inc. was attached as Exhibit

C, but lacks knowledge or information sufficient to admit or deny whether that copy was a true and correct copy, and on that basis denies the same.

31.     Plaintiff's legal conclusion regarding the legal interpretation of the "Pantech Agreement" does not require a response.  Pantech lacks knowledge or information sufficient to admit or deny the underlying facts behind Plaintiff's legal conclusion about obligations under the "Pantech Agreement", and on that basis, denies the same.  Pantech denies that it has breached any duty or has any liability under Plaintiff's purported cause of action.

32.     Pantech admits that it is aware of the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation.  Plaintiff's legal conclusion regarding the legal interpretation of the "Pantech Agreement" does not require a response.   Pantech lacks knowledge or information sufficient to admit or deny the underlying facts behind Plaintiff's legal conclusion about obligations under the "Pantech Agreement", and on that basis, denies the same. Pantech denies that it has breached any duty or has any liability under Plaintiff's purported cause of action.

33.     Pantech admits that Plaintiff has been subject to attorney's fees in relation to the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation.  Pantech lacks knowledge or information sufficient to admit or deny whether such attorney's fees are reasonable and/or whether they were incurred due to the Pantech Accused Products furnished to ACC, and on that basis, denies the same.  Pantech lacks knowledge or information sufficient to admit or deny whether Plaintiff has been subject to claims, losses, liability, damages, and expenses (other than attorneys' fees) in relation to the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation, and on that basis denies the same.

34.     Denied.

## COUNT IV

### PANTECH'S BREACH OF WARRANTY AGAINST INFRINGEMENT

35.     The responses of paragraphs 1-34 are repeated and hereby reasserted.

36.     Plaintiff's legal conclusion regarding N.Y.U.C.C. § 2-312(1) does not require a response.  Pantech admits that its predecessors supplied to ACC Pantech Accused Products at issue in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation. Pantech lacks knowledge or information sufficient to admit or deny the underlying facts of Plaintiff's legal conclusion regarding N.Y.U.C.C. Law § 2-312(1), and on that basis, denies the same.

37.      Plaintiff's legal conclusion regarding N.Y.U.C.C. § 2-312(2) does not require a response.  Pantech lacks knowledge or information sufficient to admit or deny the underlying facts of Plaintiff's legal conclusion regarding N.Y.U.C.C. Law § 2-312(2), and on that basis, denies the same.

38.      Plaintiff's legal conclusion regarding N.Y.U.C.C. Law does not require a response.  Pantech lacks knowledge or information sufficient to admit or deny the underlying facts of Plaintiff's legal conclusion regarding N.Y.U.C.C. Law, and on that basis, denies the same.  Pantech denies that it has breached any warranty or has any liability under Plaintiff's purported cause of action.

39.     Plaintiff's legal conclusion regarding N.Y.U.C.C. §§ 2-607(3) and (5) does not require a response.  Pantech lacks knowledge or information sufficient to admit or deny the underlying facts of Plaintiff's legal conclusion regarding N.Y.U.C.C. §§ 2-607(3) and (5), and on that basis, denies the same.

40.     Denied.

41.     Denied.

## RESPONSE TO PRAYER FOR RELIEF

Pantech denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

In addition to the defenses described below, Pantech expressly reserves the right to allege additional defenses as they become known through the course of discovery.

### First Defense

### (Failure to State a Cause of Action)

42.    The Complaint fails to state causes of action or fails to state claims upon which relief can be granted as to some or all of the devices provided to ACC by Pantech's predecessors.

### Second Defense

### (Defective Notice)

43.    Plaintiffs did not provide notice as required to support its claims for indemnification.

### Third Defense

### (Satisfaction)

44.    Pantech's involvement in the Zoltar Litigation, Dicam Litigation, and St. Claire Litigation, and its defense of its products and settlement of claims against said products therein satisfied any obligations Pantech had to ACC, in whole or in part.

### Fourth Defense

### (Failure to Mitigate Damages)

45.    Plaintiffs' alleged damages or injuries, if any, were aggravated by the Plaintiffs' failure to use reasonable diligence to mitigate them. Plaintiff failed to mitigate and lessen damages, if any it sustained, as required by law, and is barred from recovery by reason thereof against Pantech.

## Fifth Defense

### (Unclean Hands)

46.     Plaintiff's action is barred under the doctrine of unclean hands

## Sixth Defense

### (Statute of Frauds)

47.     Plaintiff's action is barred under the statute of frauds.

## COUNTERCLAIMS

Counterclaimant Pantech alleges as follows for its Counterclaims against Plaintiff:

1.      Pantech incorporates herein paragraphs 1-47 of Pantech's Answer and Affirmative Defenses.

### The Parties

2.    Pantech Co., Ltd. is a South Korean corporation having a principal place of business in Seoul, South Korea.

3.    Plaintiff pleads in its Complaint that it is a corporation organized and existing under the laws of Delaware, and having a principal place of business in New York.

### Jurisdiction

4.      This counterclaim arises under Title 35 of the United States Code.  The Court has subject matter jurisdiction over the counterclaim pursuant to 28 U.S.C. §§ 1332 and 1367.  The Court has personal jurisdiction over Plaintiff by virtue of Plaintiff's filing of the Complaint.

### Venue

5.      Venue for this counterclaim is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), but Pantech contends that there may exist more appropriate venues for the claims in the Complaint and in this Counterclaim. To the extent that venue is found to be proper for any of the claims in the Complaint, venue is also appropriate for this Counterclaim.

## COUNT I

### First Counterclaim

**(Breach of Contract)**

6.   Pantech repeats and incorporates by reference paragraphs 1-47 of Pantech's Answer and Affirmative Defenses and paragraphs 1-5 of Pantech's Counterclaims as if fully set forth herein.

7.   Plaintiff was the exclusive distributor of products sold to Plaintiff by Pantech's predecessor(s) in certain regions as specified in Section 1.1 of the "Pantech Agreement."

8.   Pantech's predecessor(s) performed all duties and obligations under the Pantech Agreement.

9.   Plaintiff has breached its express duties and obligations under the Agreement by, among other things, purchasing CDMA terminal products from at least one other Korean company.

10.   Pantech has suffered damages from Plaintiff's breach of contract in an amount to be determined at trial.

## RELIEF

WHEREFORE, Pantech seeks an order granting the following relief:

    a.   Compensatory damages;

    b.   Denial of all relief sought by Plaintiff and dismissal of Plaintiff's Complaint with prejudice;

    c.   An Order that Plaintiff pay costs; and

    d.   Such other and additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pantech demands trial by jury on all issues so triable.

Dated:  November 21, 2011                          BOND, SCHOENECK & KING, PLLC


                                                   By:   /s/ George R. McGuire Esq.
                                                   George R. McGuire, Esq. (GRM-0272)
                                                   gmcguire@bsk.com
                                                   Blaine T. Bettinger, Esq. (BTB-3298)
                                                   bbettinger@bsk.com
                                                   One Lincoln Center
                                                   Syracuse, New York 13202
                                                   Telephone:     (315) 218-8000
                                                   Facsimile:     (315) 218-8100

                                                   Michael P. Collins, Esq. (MC-0906)
                                                   mcollins@bsk.com
                                                   330 Madison Avenue, 39th Floor
                                                   New York, New York 10017
                                                   Telephone:     (646) 253-2300
                                                   Facsimile:     (646) 253-2301


                                                   H.C. PARK & ASSOCIATES, PLC

                                                   Alan A. Wright, Esq. (*pro hac vice to be filed*)
                                                   awright@park-law.com
                                                   8500 Leesburg Pike, Suite 7500
                                                   Vienna, VA  22182
                                                   Phone:         (703) 288-5105
                                                   Facsimile:     (703) 288-5139


                                                   Attorneys for Pantech Co., Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **DEFENDANT PANTECH CO., LTD.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO AUDIOVOX COMMUNICATIONS CORP.'S AMENDED COMPLAINT** was filed electronically and served on November 21, 2011 via the Court's ECF system on Donald Joseph English, Christopher William Mahoney, and Ryan Terrell Hardee, counsel for Plaintiff.

/s/ Blaine T. Bettinger
BOND, SCHOENECK & KING

Attorneys For Pantech Co., Ltd.

1924306.1 11/21/2011