**DUANE MORRIS LLP**
Gregory P. Gulia
Vanessa C. Hew
R. Terry Parker
1540 Broadway
New York, New York 10036-4086
Tel. No.: (212) 692-1000
Fax No.: (212) 692-1020

D. Joseph English (admitted *pro hac vice*)
Christopher W. Mahoney (admitted *pro hac vice*)
Ryan Hardee (admitted *pro hac vice*)
505 9th Street, N.W., Suite 1000
Washington, DC 20004
Tel. No.: (202) 776-7800
Fax No.: (202) 776-7801

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AUDIOVOX COMMUNICATIONS CORP., <br><br> Plaintiff, <br><br> v. <br><br> TOSHIBA CORPORATION, *et al.* <br><br> Defendants. | Civil Action No. 1:10-cv-04982 (AKH) <br><br> ECF CASE |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION**
**TO STRIKE AFFIRMATIVE DEFENSES**

In response to the Amended Complaint of plaintiff Audiovox Communications Corporation ("Audiovox"), defendant Pantech Co. Ltd. ("Pantech") has asserted several conclusory affirmative defenses that contain absolutely no factual allegations. As such, those

defenses fail to provide Audiovox with any notice regarding the bases for the defenses and, consequently, are insufficient as a matter of law. Including those deficient defenses would needlessly increase the duration and expense of the litigation and thereby prejudice Audiovox. Accordingly, those defenses should be stricken as insufficient under Fed. R. Civ. P. 12(f).

## ARGUMENT

A.      **Standard for Motion to Strike**

Under Rule 12(f) of the Federal Rule of Civil Procedure, the Court may strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). In order for the Court to strike a defense as insufficient: "(1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense." *Coach, Inc. v. Kmart Corp.*, 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010) (quoting *Specialty Minerals, Inc. v. Pluess-Staufer AG*, 395 F. Supp. 2d 109, 111-12 (S.D.N.Y. 2005)).

In considering the sufficiency of a defense under the first two prongs of the Rule 12(f) analysis, courts apply the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Coach, Inc.*, 756 F. Supp. 2d at 425; *Burck v. Mars, Inc.*, 571 F. Supp. 2d 446, 456 (S.D.N.Y. 2008); *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 532 F. Supp. 2d 620, 623 (S.D.N.Y. 2008); *FSP, Inc. v. Societe Generale*, No. 02 Civ. 4786 2005, U.S. Dist. LEXIS 3081, *26 (S.D.N.Y. Feb. 28, 2005).

When deciding a motion to dismiss, the Court ordinarily accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Coach, Inc.* 757 F. Supp. 2d at 425; *Aspex Eyewear, Inc.*, 531 F. Supp. 2d at 622. "The complaint's allegations,

however, 'must be enough to raise a right of relief above the speculative level.'" *DDR Construction Services, Inc. v. Siemens Indus.*, 770 F. Supp. 2d 627, 643 (S.D.N.Y. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

*Twombly* "requires a flexible 'plausibility standard,' which obligates a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*.'" *Aspex Eyewear, Inc.*, 531 F. Supp. 2d at 622 (quoting *Iqbal v. Hasty*, 490 F. 3d 143, 157-58 (2nd Cir. 2007)) (original emphasis). Courts, therefore, "are 'not bound to accept as true a legal conclusion couched as a factual allegation,' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *DDR Construction Services, Inc.*, 770 F. Supp. 2d at 643 (*quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009)). *See also, Kamholtz v. Yates County*, 350 Fed. Appx. 589, 591 (2nd Cir. 2009) (in considering a Rule 12(b)(6) motion to dismiss, "'mere conclusory statements' are insufficient, and we need not accept legal conclusions as true." (quoting *Iqbal*, 129 S. Ct. at 1949-50)).

Although no Circuit Court of Appeals has yet ruled on the issue, this Court has instructed that the Rule 12(b)(6) standard elucidated in *Twombly* and *Iqbal* "governs the sufficiency of the pleading of affirmative defenses." *See Equal Employment Opportunity Commission v. Kelly Drye & Warren, LLP*, No. 10 Civ. 655, 2011 U.S. Dist. LEXIS 80667, *5 (S.D.N.Y. July 25, 2011) (citations omitted). *See also Tracy v. NVR, Inc.*, No. 04 Civ. 6541L, 2009 U.S. Dist. LEXIS 90778, *28 (W.D.N.Y. Sept. 30, 2009) ("[T]he *Twombly* plausibility standard applies with equal force to a motion to strike an affirmative defense under Rule 12(f).") (citing *Aspex Eyewear, Inc.*, 531 F. Supp. 2d at 622).

Even if it were unclear whether the *Twombly* and *Iqbal* "plausibility" standard applies to affirmative defenses, that question need not be resolved, "for in *Shechter v. Comptroller of City of New York*, 79 F. 3d 25, 270 (2nd Cir. 1996) (decided long before *Iqbal*), the Second Circuit made clear that 'affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy.'" *Luvata Buffalo, Inc. v. Lombard Gen'l Ins. Co. of Canada*, No. 08 Civ. 00034, 2010 U.S. Dist. LEXIS 19334, at *24 (W.D.N.Y. Mar. 4, 2010). *Accord, Tracy*, 2009 U.S. Dist. LEXIS 90778, at *28; *Aspex Eyewear, Inc.*, 531 F. Supp. 2d at 623.[1]

Once it determines that an affirmative defense is legally insufficient, the Court must then determine whether inclusion of the defense would prejudice the plaintiff. *Coach*, *Inc.*, 756 F. Supp. 2d at 425-26. "Increased time and expense of trial may constitute sufficient prejudice to warrant striking an affirmative defense." *Id*. (citing *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 272 (S.D. N.Y. 1999). *See also Specialty Minerals, Inc.*, 395 F. Supp. 2d at 114 (holding that plaintiffs would be prejudiced because inclusion of unclean hands defense would require additional discovery and expand the length and scope of trial). Stated differently, "inclusion of a defense that must fail as a matter of law prejudices the plaintiff because it will needlessly increase the duration and expense of litigation." *Coach, Inc.*, 756 F. Supp. at 426 (*citing Estee Lauder, Inc.*, 189 F.R.D. at 272) (when "the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim").

---

[1] *See also, Kelly Drye & Warren, LLP*, 2011 U.S. Dist. LEXIS 80667, *5 ("It has long been held that affirmative defenses that contain only 'bald assertions' without supporting facts should be stricken.") (*citing Shechter*, 79 F. 3d at 270); *Coach, Inc.*, 756 F. Supp. 2d at 425 ("[A]s courts in this district have explained, conclusory assertions, absent any supporting factual allegations are insufficient as a matter of law and fail to provide a plaintiff with any notice as to how the defense applies to the plaintiff's claims.") (citation omitted).

### B. Pantech's Fourth, Fifth and Sixth Affirmative Defenses Are Conclusory and Insufficient and Would Prejudice Audiovox

This Court has routinely struck as legally insufficient affirmative defenses that are conclusory and devoid of any alleged facts. In *Coach*, for example, defendants asserted numerous conclusory affirmative defenses including: "Plaintiff's claims are barred by estoppel;" "Plaintiff's claims are barred by implied license;" "Plaintiff's claims are barred by acquiescence;" and "Plaintiff's claims are barred by waiver." 756 F. Supp. at 426-28. This Court struck those affirmative defenses because "the pleadings lack[ed] any facts supporting" the defenses, and plaintiffs would be prejudiced by "incur[ing] increased discovery costs in having to explore the factual basis for these defenses." *Id*. at 428.

Similarly, in *Aspex Eyewear,* defendants asserted numerous conclusory affirmative defenses, including "collateral estoppel and/or res judicata," "equitable estoppel," and "patent misuse and/or unclean hands." 531 F. Supp. 2d at 623. Observing that the defendant "merely asserts these claims and defenses without alleging even general facts to support them," this Court granted the plaintiff's motion to strike because "[m]ere conclusory assertions are not sufficient to give plaintiffs notice of the . . . defenses and, thus, do not meet Rule 8(a)'s pleading standards." *Id. See also, Kelly Drye & Warren, LLP,* 2011 U.S. Dist. LEXIS 80667, at *15 (granting motion to strike affirmative defense that was "too conclusory" and "without factual elucidation" because it "fails to meet the fair notice *Twombly* pleading standard"); *Tracy*, 2009 U.S. Dist. LEXIS 90778, at *29-*30 (affirmative defenses pled "in simple conclusory terms, unsupported by any factual allegations" stricken as "plainly deficient under the *Iqbal* standard").

Likewise here, Pantech's fourth, fifth and sixth affirmative defenses are conclusory assertions without any factual elucidation. In those defenses, Pantech merely asserts that: "Plaintiff failed to mitigate and lessen damages;" "Plaintiff's action is barred under the doctrine

5

of unclean hands;" and "Plaintiff's action is barred under the statute of frauds." Without any factual support, the affirmative defenses do not give Audiovox the necessary notice of the bases for the defenses and plainly fall short of Rule 8(c)'s pleading standard. Inclusion of these legally deficient affirmative defenses, would prejudice Audiovox by increasing the time and expense necessary to determine their factual bases and to further litigate them. For these reasons, the Court should strike Pantech's fourth, fifth and sixth affirmative defenses.[2]

---

[2] It bears noting that Pantech's second affirmative defense -- "defective notice" -- and third affirmative defense -- "satisfaction" -- are more accurately characterized as denials, rather than affirmative defenses. "The concept of an affirmative defense under Rule 8(c) 'requires a responding party to *admit* a complaint's allegations but then permits the responding party to assert that for some legal reason it is nonetheless excused from liability . . . .'" *Reis Robotics USA, Inc. v. Concept Industries, Inc.*, 462 F. Supp. 2d 897, 906 (N.D. Ill. 2006) (original emphasis). Pantech's second and third affirmative defenses, however, merely restate the denials -- in paragraphs 32 and 34 of the Answer -- that Audiovox promptly notified Pantech's predecessors of the claims asserted against it, and that Pantech breached its obligations under the Pantech Agreement. Although courts have stricken such defenses as improper, *see, e.g., Sloan Valve Co. v. Zurn Indus., Inc.*, 712 F. Supp. 2d 743, 755-56 (N.D. Ill. 2010) (noting cases), this Court, despite recognizing that such defenses are "redundant," has decided against striking such misplaced denials in the absence of a showing of prejudice. *Coach, Inc.*, 756 F. Supp. 2d at 431. For this reason, Audiovox does not seek to strike the mere denials that comprise Pantech's second and third affirmative defenses.

## **CONCLUSION**

For the foregoing reasons, plaintiff Audiovox respectfully requests that the Court strike Pantech's fourth, fifth and sixth affirmative defenses.

Respectfully submitted,

DUANE MORRIS LLP

/s/Gregory P. Gulia
Gregory P. Gulia
Vanessa C. Hew
R. Terry Parker
1540 Broadway
New York, New York 10036-4086
Tel. No.: (212) 692-1000
Fax No.: (212) 692-1020

D. Joseph English(admitted *pro hac vice*)
Christopher W. Mahoney(admitted *pro hac vice*)
Ryan Hardee(admitted *pro hac vice*)
505 9th Street, N.W., Suite 1000
Washington, DC 20004
Tel. No.: (202) 776-7800
Fax No.: (202) 776-7801

Date:  December __, 2011

*Attorneys for plaintiff
Audiovox Communications Corp.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 15th day of December 2011, I caused the forgoing to be filed via the Court's CM/ECF system, through which all counsel of record who are deemed to have consented to electronic service are being served.

/s/ R. Terry Parker
R. Terry Parker
