**DUANE MORRIS LLP**
Gregory P. Gulia
Vanessa C. Hew
R. Terry Parker
1540 Broadway
New York, New York 10036-4086
Tel. No.: (212) 692-1000
Fax No.: (212) 692-1020

D. Joseph English (admitted *pro hac vice*)
Christopher W. Mahoney (admitted *pro hac vice*)
Ryan Hardee (admitted *pro hac vice*)
505 9th Street, N.W., Suite 1000
Washington, DC 20004
Tel. No.: (202) 776-7800
Fax No.: (202) 776-7801

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **AUDIOVOX COMMUNICATIONS CORP.,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 10-cv-04982(AKH)** |
| ) | |
| **PANTECH CO., LTD.** ) | **ECF CASE** |
| ) | |
| ) | |
| **Defendant.** ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET ASIDE
DEFAULT ON COUNTERCLAIM OF PANTECH CO., LTD. AND FOR LEAVE TO
FILE MOTION TO DISMISS AMENDED COUNTERCLAIM**

Plaintiff Audiovox Communications Corp. ("Audiovox"), by undersigned counsel,

hereby submits its memorandum of law in support of its motion to set aside the default entered

by the Clerk of Court on the amended counterclaim of defendant Pantech Co., Ltd. ("Pantech"),

and for leave to file its motion to dismiss the amended counterclaim.  In support of its motion, Audiovox states as follows.

Rule 55(a) of the Federal Rules of Civil Procedure allows entry of default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ."  Fed. Civ. R. 55(a).  Under Rule 55(c), "[t]he Court may set aside an entry of default for good cause . . . ."  Fed. Civ. R. 55(c).

Faced with a motion to set aside a default where the opposing party has made an appearance, courts consider the following factors:  "(1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion."  *Schmir v. Prudential Insurance Co. of America*, 220 F.R.D. 4, 5 (D. Me. 2004).  *See also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (emphasizing willfulness, prejudice and the merit of defense); *In re Men's Sportswear, Inc.*, 834 F.2d 1134, 1138 (2d Cir. 1987) (same).  *See also Peters v. AstraZeneca LP*, 224 F.2d Appx. 503, 506 (7th Cir. 2007) (default judgment appropriately denied where "defendants were defending the case but neglected to file an answer, so long as the plaintiff was not prejudiced.").  "In deciding the motion, the Court is also guided by the general philosophy that 'if at all possible, actions should be decided on their merits.'"  *Schmir*, 220 F.R.D. at 5.  *Accord, City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011).

Here, Audiovox has clearly been "otherwise defend[ing]" against Pantech's claims. Indeed, on December 15, 2011, Audiovox filed its motion to strike several affirmative defenses

of Pantech, which prompted Pantech to file its amended answer, affirmative defenses and counterclaim.

Audiovox's failure to respond to Pantech's amended counterclaim by January 23, 2012 was certainly not willful, and Pantech does not suggest otherwise.  Indeed, upon receipt of Pantech's amended counterclaim, Audiovox undertook significant effort in preparing what it believes to be a meritorious response.  *See* Declaration of R. Terry Parker in Support of Plaintiff's Motion to Set Aside Default On Counterclaim of Pantech Co., Ltd. and for Leave to File Motion to Dismiss Amended Counterclaim, ¶ 2 (Exhibit A).  Through an inadvertent docketing error, however, Audiovox calculated the return date for its motion to dismiss Pantech's amended counterclaim to be January 24, 2012, instead of January 23, 2012.  Audiovox submits that this inadvertent docketing error constitutes excusable neglect under Rule 6(b) of the Federal Rules of Civil Procedure such that it should be allowed to file its motion to dismiss Pantech's amended counterclaim one day out of time.

In its attached motion to dismiss Pantech's amended counterclaim, Audiovox demonstrates that the Court is without subject matter jurisdiction over Pantech's counterclaim.  Lack of subject matter jurisdiction can be raised under Rule 12(b)(1) at any time.  That is reason enough to set aside the default.  Moreover, as Audiovox's motion to dismiss shows further, Pantech's amended counterclaim is time-barred and should be dismissed for that additional reason.  Because actions should be decided on their merits, it is appropriate to set aside the default entered by the Clerk so that the merits of Audiovox's motion to dismiss—filed all of one day late—may be considered.

Setting aside the default would not prejudice Pantech.  The Court has not yet issued a scheduling order, and the next status conference will not occur until March 2, 2012.

Audiovox does not question the good faith of Pantech.  However, Pantech's request for default was filed one day after Audiovox's responsive pleading was due, and without any consultation with Audiovox.  The work product reflected in Audiovox's motion to dismiss exhibits the good faith of Audiovox in defending against Pantech's amended counterclaim.

The amount of money sought in Pantech's amended counterclaim is not specified, but apparently it is at least $75,000, as Pantech's amended counterclaim is based on diversity jurisdiction.  It is appropriate to set aside the default and consider the merits of Audiovox's motion to dismiss, in light of the significant amount of damages sought by Pantech.

Immediately after receiving Pantech's request for default on Pantech's counterclaim, Audiovox filed the instant motion.  This timing further supports setting aside the default and considering Audiovox's motion to dismiss Pantech's amended counterclaim.

Audiovox respectively submits that its inadvertent, good-faith docketing error, which caused it to set the return date for its response to Pantech's amended counterclaim to January 24, 2012 instead of January 23, 2012, constitutes excusable neglect that should allow it to file its response one day out of time.  Pantech will not be prejudiced and there will be no adverse impact on these proceedings.

WHEREFORE, plaintiff Audiovox Communications Corp. respectfully requests that its Motion to Set Aside Default on Counterclaim of Pantech Co., Ltd. and for Leave to File its Motion to Dismiss Amended Counterclaim be granted, that the Court set aside the default entered on Pantech's amended counterclaim, and that the Court accept for filing Audiovox's motion to dismiss the amended counterclaim of Pantech Co., Ltd. and accompanying memorandum of law.

Respectfully submitted,

DUANE MORRIS LLP


/s/Gregory P. Gulia
Gregory P. Gulia
Vanessa C. Hew
R. Terry Parker
1540 Broadway
New York, New York 10036-4086
Tel. No.: (212) 692-1000
Fax No.: (212) 692-1020


D. Joseph English (admitted *pro hac vice*)
Christopher W. Mahoney(admitted *pro hac vice*)
Ryan Hardee (admitted *pro hac vice*)
505 9th Street, N.W., Suite 1000
Washington, DC 20004
Tel. No.: (202) 776-7800
Fax No.: (202) 776-7801

Date:  January 24, 2012                    *Attorneys for plaintiff*
                                           *Audiovox Communications Corp.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify on this 24th day of January 2012 that I caused the foregoing

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SET ASIDE

DEFAULT ON COUNTERCLAIM OF PANTECH CO., LTD. AND FOR LEAVE TO FILE

MOTION TO DISMISS AMENDED COUNTERCLAIM to be electronically filed with the

Clerk of the Court using the CM/ECF system by which notification of such filing will be sent to

all counsel of record.


<u>s/ R. Terry Parker</u>


DM2\3198291.1

6