UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUDIOVOX COMMUNICATIONS CORP., <br><br> Plaintiff, <br><br> v. <br><br> TOSHIBA CORPORATION, et al., <br><br> Defendants. | Case No. 1:10-cv-04982(AKH) <br><br> SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF PANTECH, CO., LTD. TO PLAINTIFF'S AMENDED COMPLAINT <br><br> JURY TRIAL DEMANDED |

**DEFENDANT PANTECH CO., LTD.'S SECOND AMENDED ANSWER AND
AFFIRMATIVE DEFENSES TO
AUDIOVOX COMMUNICATIONS CORP.'S AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and Court Order (Dkt. 48), Defendant Pantech Co., Ltd. ("Pantech"), by and through its undersigned counsel, respectfully submits its Second Amended Answer and Affirmative Defenses in response to Plaintiff's Amended Complaint For Patent Infringement ("Complaint"), as follows:

1.    Plaintiff alleges it was a reseller of cellular telephones supplied by Pantech. This allegation is denied as to Pantech, which did not merge with Pantech & Curitel Communications, Inc. until late in 2009. Pantech lacks knowledge or information sufficient to admit or deny the allegations of this paragraph as to the remaining defendants, and on that basis, denies the same.

2.    Plaintiff alleges that Honeywell specifically alleged that Plaintiff infringed the Honeywell Patent through the sale of cellular telephones supplied to Plaintiff by Pantech. This allegation is denied as to Pantech, which did not merge with Pantech & Curitel Communications, Inc. until late in 2009. Pantech lacks knowledge or information sufficient to admit or deny whether Honeywell specifically alleged infringement through the sale of products supplied to Plaintiff by any other party or third party, and on that basis denies that Plaintiff's list of suppliers

is complete. Pantech also lacks knowledge or information sufficient to admit or deny the allegations of this paragraph as to the remaining defendants, and on that basis, denies the same.

        3.       Plaintiff alleges that Zoltar specifically alleged that Plaintiff infringed the Zoltar Patents through the sale of cellular telephones supplied to Plaintiff by Pantech. This allegation is denied as to Pantech, which did not merge with Pantech & Curitel Communications, Inc. until late in 2009. Pantech lacks knowledge or information sufficient to admit or deny whether Zoltar specifically alleged infringement through the sale of products supplied to Plaintiff by any other party or third party, and on that basis denies that Plaintiff's list of suppliers is complete. Pantech also lacks knowledge or information sufficient to admit or deny the allegations of this paragraph as to the remaining defendants, and on that basis, denies the same.

        4.       Plaintiff alleges that St. Clair specifically alleged that Plaintiff infringed the St. Clair Patents through the sale of cellular telephones supplied to Plaintiff by Pantech. This allegation is denied as to Pantech, which did not merge with Pantech & Curitel Communications, Inc. until late in 2009. Pantech lacks knowledge or information sufficient to admit or deny whether St. Clair specifically alleged infringement through the sale of products supplied to Plaintiff by any other party or third party, and on that basis denies that Plaintiff's list of suppliers is complete. Pantech also lacks knowledge or information sufficient to admit or deny the allegations of this paragraph as to the remaining defendants, and on that basis, denies the same.

        5.       Plaintiff alleges that Dicam specifically alleged that Plaintiff infringed the Dicam Patent through the sale of cellular telephones supplied to Plaintiff by Pantech. This allegation is denied as to Pantech, which did not merge with Pantech & Curitel Communications, Inc. until late in 2009. Pantech lacks knowledge or information sufficient to admit or deny whether Dicam specifically alleged infringement through the sale of products supplied to Plaintiff by any other party or third party, and on that basis denies that Plaintiff's list of suppliers is complete. Pantech

also lacks knowledge or information sufficient to admit or deny the allegations of this paragraph as to the remaining defendants, and on that basis, denies the same

6. As to Pantech, Pantech admits that Plaintiff purports to raise this action under contracts of indemnification against claims of infringement of United States patents asserted against ACC in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation and Dicam Litigation. Pantech denies that it has breached any duty or has any liability under Plaintiff's purported cause of action. Pantech also lacks knowledge or information sufficient to admit or deny the allegations of this paragraph as to the remaining defendants, and on that basis, denies the same.

7. Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

8. Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

9. Admitted.

10. Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

11. The allegation that this action arises under common law of New York and N.Y.U.C.C. law § 2-312 (McKinney 2009) is a legal conclusion that does not require a response. Pantech admits that Plaintiff purports to file its Complaint pursuant to the common law of the New York and N.Y.U.C.C. law § 2-312 (McKinney 2009), but lacks knowledge or information sufficient to admit or deny the underlying facts behind Plaintiff's legal conclusion of applicable law, and on that basis, denies the same.  Pantech further denies that it has committed or is continuing any act which gives rise to a cause of action under the common law of the New York and N.Y.U.C.C. law § 2-312 (McKinney 2009).

12. Pantech admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

13. Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

14. For the purposes of this action only, Pantech does not challenge the personal jurisdiction of this court over Pantech.

15. Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

16. The allegation that venue is proper in this district is a legal conclusion that does not require a response. Although venue is more properly established in a judicial district that would better serve the convenience of the parties and witnesses and the interests of justice, the minimum requisites for venue under 28 U.S.C. § 1391 exist in this Judicial District. Pantech reserves the right to seek to transfer this action pursuant to 28 U.S.C. § 1404(a).

## COUNT I

**TOSHIBA'S BREACH OF DUTY TO INDEMNIFY, HOLD HARMLESS AND DEFEND**

17. The responses of paragraphs 1-16 are repeated and hereby reasserted.

18. Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

19. Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

20. Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

21. Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

22. Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

## COUNT II

**HTC'S BREACH OF DUTY TO INDEMNIFY, HOLD HARMLESS AND DEFEND**

23. The responses of paragraphs 1-22 are repeated and hereby reasserted.

24. Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

25. Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

26. Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

27. Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

28. Pantech lacks knowledge or information sufficient to admit or deny these allegations of the Complaint, and on that basis, denies the same.

## COUNT III

**PANTECH'S BREACH OF DUTY TO INDEMNIFY, HOLD HARMLESS AND DEFEND**

29. The responses of paragraphs 1-28 are repeated and hereby reasserted.

30. Plaintiff's legal conclusion regarding the legal interpretation of the "Pantech Agreement" does not require a response.  Pantech admits that its predecessor supplied to ACC cellular telephones at issue in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation.  Pantech lacks knowledge or information sufficient to admit or deny facts underlying Plaintiff's assertion that the supply of Pantech Accused Products to ACC was pursuant to a certain "Agreement and Purchase Order" or that the applicable "Agreement" is that attached to Plaintiff's Complaint as Exhibit C, and on that basis denies the same.  Pantech admits

that a copy of an "Agreement" between ACC and Hyundai Curitel, Inc. was attached as Exhibit C, but lacks knowledge or information sufficient to admit or deny whether that copy was a true and correct copy, and on that basis denies the same.

31. Plaintiff's legal conclusion regarding the legal interpretation of the "Pantech Agreement" does not require a response. Pantech lacks knowledge or information sufficient to admit or deny the underlying facts behind Plaintiff's legal conclusion about obligations under the "Pantech Agreement", and on that basis, denies the same. Pantech denies that it has breached any duty or has any liability under Plaintiff's purported cause of action.

32. Pantech admits that it is aware of the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation. Plaintiff's legal conclusion regarding the legal interpretation of the "Pantech Agreement" does not require a response. Pantech lacks knowledge or information sufficient to admit or deny the underlying facts behind Plaintiff's legal conclusion about obligations under the "Pantech Agreement", and on that basis, denies the same. Pantech denies that it has breached any duty or has any liability under Plaintiff's purported cause of action.

33. Pantech admits that Plaintiff has been subject to attorney's fees in relation to the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation. Pantech lacks knowledge or information sufficient to admit or deny whether such attorney's fees are reasonable and/or whether they were incurred due to the Pantech Accused Products furnished to ACC, and on that basis, denies the same. Pantech lacks knowledge or information sufficient to admit or deny whether Plaintiff has been subject to claims, losses, liability, damages, and expenses (other than attorneys' fees) in relation to the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation, and on that basis denies the same.

34. Denied.

## COUNT IV

## PANTECH'S BREACH OF WARRANTY AGAINST INFRINGEMENT

35.     The responses of paragraphs 1-34 are repeated and hereby reasserted.

36.     Plaintiff's legal conclusion regarding N.Y.U.C.C. § 2-312(1) does not require a response.  Pantech admits that its predecessors supplied to ACC Pantech Accused Products at issue in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation.  Pantech lacks knowledge or information sufficient to admit or deny the underlying facts of Plaintiff's legal conclusion regarding N.Y.U.C.C. Law § 2-312(1), and on that basis, denies the same.

37.     Plaintiff's legal conclusion regarding N.Y.U.C.C. § 2-312(2) does not require a response.  Pantech lacks knowledge or information sufficient to admit or deny the underlying facts of Plaintiff's legal conclusion regarding N.Y.U.C.C. Law § 2-312(2), and on that basis, denies the same.

38.     Plaintiff's legal conclusion regarding N.Y.U.C.C. Law does not require a response.  Pantech lacks knowledge or information sufficient to admit or deny the underlying facts of Plaintiff's legal conclusion regarding N.Y.U.C.C. Law, and on that basis, denies the same.  Pantech denies that it has breached any warranty or has any liability under Plaintiff's purported cause of action.

39.     Plaintiff's legal conclusion regarding N.Y.U.C.C. §§ 2-607(3) and (5) does not require a response.  Pantech lacks knowledge or information sufficient to admit or deny the underlying facts of Plaintiff's legal conclusion regarding N.Y.U.C.C. §§ 2-607(3) and (5), and on that basis, denies the same.

40.     Denied.

41.     Denied.

## RESPONSE TO PRAYER FOR RELIEF

Pantech denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

In addition to the defenses described below, Pantech expressly reserves the right to allege additional defenses as they become known through the course of discovery.

### First Defense

### (Failure to State a Cause of Action)

42. The Complaint fails to state causes of action or fails to state claims upon which relief can be granted as to some or all of the devices provided to ACC by Pantech's predecessors.

### Second Defense

### (Defective Notice)

43. Plaintiffs did not provide notice as required to support its claims for indemnification.

### Third Defense

### (Satisfaction)

44. Pantech's involvement in the Zoltar Litigation, Dicam Litigation, and St. Claire Litigation, and its defense of its products and settlement of claims against said products therein satisfied any obligations Pantech had to ACC, in whole or in part.

### Fourth Defense

### (Failure to Mitigate Damages)

45. Plaintiffs' alleged damages or injuries, if any, were aggravated by the Plaintiffs' failure to use reasonable diligence to mitigate them. Plaintiff failed to mitigate and lessen damages, if any it sustained, as required by law, and is barred from recovery by reason thereof against Pantech. Specifically, Pantech fully defended its products against claims of patent

infringement in the Zoltar Litigation, Dicam Litigation, and St. Claire Litigation.  In the Zoltar Litigation, Pantech's predecessor provided full defense for named defendants UTStarcom, Inc. and UTStarcom Personal Communications, LLC, which was a successor-in-interest of the mobile phone business sold by Audiovox Communications Corporation.  In the Dicam Litigation and St. Claire Litigation, Pantech's predecessor successfully intervened and defended its own products in entirety, including but not limited to reaching respective settlement terms with plaintiffs Dicam and St. Claire to resolve all claims as to Pantech's predecessor's products.  During those times, Plaintiff incurred legal expenses in defending Pantech's predecessor's products in those litigations or otherwise duplicated costs incurred by Pantech's predecessor, which costs were unnecessary and duplicative.  Accordingly, following an accounting of its legal costs, Plaintiff should be barred from seeking such costs to the extent they were for legal services already being provided by Pantech's predecessor in those litigations.

## Fifth Defense

### (Statute of Frauds)

46.     Plaintiff's action is barred under the statute of frauds.  The "Pantech Agreement" is dated February 5, 2002, and by its own terms states that, at most, it can only be in force for 12 months.  Paragraph 13 of the "Pantech Agreement" states expressly that "[u]pon completion of the first year, both parties shall agree upon quantity and price for the second year.  Upon completion of the first year, the contract can be terminated if there is no agreement on quantity and price for the second year."  Plaintiff's Amended Complaint cites no further facts supporting Plaintiff's assertion that ACC and Pantech's predecessor agreed to any quantity or price terms after February 5, 2003, or that any other agreements were reached between the parties directed to any of the devices sold to ACC after February 5, 2003, which were at issue in the Honeywell Litigation, Zoltar Litigation, St. Clair Litigation, and Dicam Litigation.  Absent a writing

memorializing a term extension of the Pantech Agreement, including all provisions therein, Section 8 of the Pantech Agreement expires on February 5, 2003.

## DEMAND FOR JURY TRIAL

Pantech demands trial by jury on all issues so triable.

Dated this 17th day of February, 2012.                H.C. PARK & ASSOCIATES, PLC


By:      /s/ Wayne M. Helge Esq.
Wayne M. Helge, Esq. (*pro hac vice*)
whelge@park-law.com
Alan W. Wright, Esq. (*pro hac vice*)
awright@park-law.com
8500 Leesburg Pike, Suite 7500
Vienna, VA  22182
Telephone:     (703) 288-5105
Facsimile:     (703) 288-5139


BOND, SCHOENECK & KING, PLLC

George R. McGuire, Esq. (GRM-0272)
gmcguire@bsk.com
Blaine T. Bettinger, Esq. (BTB-3298)
bbettinger@bsk.com
One Lincoln Center
Syracuse, NY  13202
Telephone:     (315) 218-8000
Facsimile:     (315) 218-8100

Michael P. Collins, Esq. (MC-0906)
mcollins@bsk.com
330 Madison Avenue, 39th Floor
New York, New York 10017
Telephone:     (646) 253-2300
Facsimile:     (646) 253-2301

Attorneys for Pantech Co., Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **DEFENDANT PANTECH CO., LTD.'S SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO AUDIOVOX COMMUNICATIONS CORP.'S AMENDED COMPLAINT** was filed electronically and served on February 17, 2012 via the Court's ECF system on Gregory Paul Gulia, Vanessa C. Hew, Donald Joseph English, and Robert Terry Parker, counsel for Plaintiff.

/s/ Wayne M. Helge
H.C. PARK & ASSOCIATES, PLC

Attorneys for Pantech Co., Ltd.